IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID TERRY,<br><br>Defendant. | CASE NO. 8:03CR324<br><br>MEMORANDUM AND ORDER |

This matter is before the court for initial review of the defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255). (Filing No. 63).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

Defendant pleaded guilty to a two-count indictment charging him with possession of methamphetamine with intent to distrbute in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1); and criminal forfeiture in violation of 21 U.S.C. § 853. This Court sentenced defendant to 262 months with the Bureau of Prisons followed by five years of supervised release. (Filing No. 55). Defendant did not file a direct appeal.

## DISCUSSION

In his § 2255 motion defendant alleges two claims of ineffective assistance of counsel.

**Claim One; Alleged Ineffective Assistance of Counsel**

Defendant claims that his counsel, William Eustice, was ineffective at the sentencing stage of his criminal proceedings for failing to object to the use of a base offense level of 34. Specifically, defendant claims that because the indictment described Count I as possession with intent to distribute more than 500 grams of methamphetamine, the correct base offense level was 32.

But in defendant's plea agreement defendant specifically agreed that "[p]ursuant to Federal Rule of Criminal Procedure Rule 11(c)(1)(C), the parties hereby agree that [defendant] should be held responsible beyond a reasonable doubt for at least 1.5 kilograms but less than 5 kilograms of a substance containing methamphetamine, and therefore, pursuant to U.S.S.G. § 2D1.1, the defendant's base offense level is 34." (Filing No. 38). Therefore, it appears plainly from the face of the § 2255 motion and the record that defendant is not entitled to relief with respect to his first claim of ineffective assistance of counsel. The claim is denied.

**Claim Two; Alleged Ineffective Assistance of Counsel**

Defendant claims that he received ineffective assistance of counsel because his counsel did not collaterally attack a state court conviction that was used to sentence defendant as a career offender. The court sentenced defendant as a career offender because he was at least 18 years old at the time he committed the instant offense; the

instant offense is a felony that is a controlled substance offense; and the defendant had two prior state court felony controlled substance convictions.

Defendant's counsel, however, is not required to bring forth claims which have no merit, and it is well-established that a collateral attack on a prior sentence used to enhance a federal sentence is barred by *Custis v. United States*, 511 U.S. 485 (1994), as construed in *Partee v. Hopkins*, 30 F.3d 1011 (8th Cir.1994), cert. denied, 513 U.S. 1166 (1995). *See also United States v. Walker*, 202 F.3d 1066, 1067 (8th Cir.2000) (only denial-of-counsel claims are excluded from the general rule against collaterally attacking earlier convictions used for federal sentence enhancements); *Arnold v. United States*, 63 F.3d 708, 709 (8th Cir.1995).

Therefore, it appears plainly from the face of the § 2255 motion and the record that defendant is not entitled to relief with respect to his second claim of ineffective assistance of counsel. The claim is denied.

IT IS ORDERED

1. Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" is summarily dismissed.
2. A separate Judgment will be issued; and
3. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 2nd day of November, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

3