IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:03CR324 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| DAVID A. TERRY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of the defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody (§ 2255) (Filing No. 76).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

This court entered Judgment denying and dismissing the defendant's previous § 2255 motion on November 2, 2005. (Filing No. 68). Defendant did not appeal this decision.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended 28 U.S.C. § 2244(b) to preclude the filing of any

subsequent habeas corpus petitions absent certification by a panel of the appropriate court of appeals. Furthermore, 28 U.S.C. § 2255 provides that a second or successive § 2255 motions may not be filed without prior appellate court approval in the manner provided in 28 U.S.C. § 2244 stating in pertinent part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The Eighth Circuit has indicated that when, as in this case, a second or successive § 2255 motion is filed in the district court without prior compliance with the certification requirement, the motion should be dismissed for lack of jurisdiction. See Boykin v. United States, No. 99-3369, 2000 WL 1610732 (8th Cir. Oct. 30, 2000) (unpublished).

Because the Eighth Circuit has not approved an application by defendant to file a successive §2255 petition, this court lacks the power and authority to entertain defendant's § 2255 motion.

THEREFORE, IT IS ORDERED:

1. The defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Filing No. 76) is denied; and

2.	The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 24th day of May, 2006.

>BY THE COURT:
>
>s/Laurie Smith Camp
>United States District Judge